{¶ 46} I concur with the majority. It is clear that in order to grant a Civ. R. 12(C) judgment on the pleadings, all allegations contained in the complaint are to be taken as true. The troublesome part of the complaint to this writer is the allegation that the two ordinances in question are unconstitutional; amount to a taking of appellant's property under the Fifth and Fourteenth Amendment of the United States Constitution; and are in violation of Section 28, Article 2 of the Ohio Constitution. Therefore, for purposes of this analysis, it is taken as true that the ordinances in question are unconstitutional.
 {¶ 47} I agree with the analysis of the Twelfth District Court of Appeals in Home Builders Assn. of Dayton Miami Valley v. Lebanon,167 Ohio App.3d 247, 2006-Ohio-595, with regard to the claim of an unconstitutional ordinance in a taxpayer suit. In that case, the homebuilders made the following claims:
 {¶ 48} "(1) [T]he city's ordinance mandating connection to the telecommunications system was unconstitutional because it amounted to a `taking' without just compensation, (2) the city's enactment of the ordinance constituted an abuse of the city's corporate powers under R.C. 733.56 and 733.59, and (3) the ordinance deprived the homebuilders of their constitutional rights in violation of *Page 14 
Section 1983 et seq., Title 42, U.S. Code. The homebuilders sought a declaratory judgment that the city's ordinance was unconstitutional, a preliminary and permanent injunction prohibiting the city from enforcing the ordinance, and their attorney fees incurred in the action." Id. at ¶ 5.
 {¶ 49} The trial court and court of appeals found that the "mandatory connection" portion of the city's ordinance was an unconstitutional taking, and was therefore unenforceable. Id. at ¶ 25. The Twelfth District then analyzed whether it was proper to allow a taxpayer suit alleging the abuse of the city's corporate powers. Id. at ¶ 47-55. The court held that even though there was "`some consequential public benefit'" in preventing the city from enforcing an unconstitutional ordinance, the interests pursued by the homebuilders were primarily related to a narrow class of citizen/taxpayers who were required to pay the fee. Id. at ¶ 53-54.
 {¶ 50} This is a good rule, even when confronting an alleged unconstitutional ordinance. To force a municipality to defend a taxpayer suit each time there is a claim made of constitutional infirmity, regardless of public benefit, could create an unreasonable burden to the city. When such a claim exists, there is an adequate remedy to the aggrieved private party, as the court found in Home Builders, supra.
 {¶ 51} In the present case, the "public benefit" is even more limited. By the face of the pleadings, it is clear that the two ordinances in question affect only one person and only for a brief window of time. Appellant's remedy is to pursue a personal, private action as did the plaintiffs in Home Builders, supra. *Page 1